UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PLLUMB KULLA,

        Debtor.
_____/

Case No. 17-56385

Chapter 7

Judge Thomas J. Tucker

JEFFREY MERRITT,
and MARY JO MERRITT,

        Plaintiffs,

vs.

PLLUMB KULLA,

        Defendant.
_____/

Adv. Pro. No. 19-4091

**ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT'S MOTION TO PRECLUDE TESTIMONY OR DOCUMENTS BY PLAINTIFFS, AND CANCELLING FEBRUARY 6, 2020 BENCH OPINION HEARING**

This adversary proceeding is before the Court on two motions: (1) the Defendant's motion entitled "Defendant's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(C) and/or Motion for Summary Judgment Pursuant to F.R.C.P. 56" (Docket # 31, the "Dismissal Motion"); and (2) the Defendant's motion entitled "Defendant's Motion to Preclude Introduction of Testimony or Documents as Evidence on a Motion, at a Hearing, or at Trial for Failure to Comply with Rule 26(A) and (E)" (Docket # 44, the "Sanctions Motion"). Plaintiffs timely objected to both motions. The Court held a hearing on the motions on January 22, 2020, and took them under advisement.

The Court currently is scheduled to hold a hearing on February 6, 2020 at 3:30 p.m., for the purpose of issuing an oral bench opinion regarding the Defendant's motions. But the Court has now decided to rule on the motions in writing, rather than by an oral bench opinion.

The Court now will rule on the Defendant's Motions. The Court finds and concludes as follows.

A. During the January 22, 2020 hearing, Plaintiffs' counsel stated that Plaintiffs are abandoning Count III of their Complaint in this adversary proceeding (Docket # 1, the "Complaint"), which seeks a determination of nondischargeability based on 11 U.S.C. § 523(a)(6). Plaintiffs' counsel further stated that the Plaintiffs agree to the Court dismissing Count III. Accordingly, the Court will dismiss Count III, and grant Defendant's Dismissal Motion to that extent.

B. Defendant is entitled to judgment on the pleadings on, and dismissal of, Count II of the Complaint. That Count, which seeks a determination of nondischargeability based on 11 U.S.C. § 523(a)(4), fails to state a plausible claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6) and 12(c), which apply in this adversary proceeding under Fed. R. Bankr. P. 7016; *Wahrman v. Bajas (In re Bajas)*, 443 B.R. 768, 770-72 (Bankr. E.D. Mich. 2011) (discussing standards applicable to a motion to dismiss under Rule 12(b)(6), under the United States Supreme Court's decisions in *Ashcroft v. Iqbal* and *Bell Atlantic Corp v. Twombly*). Count II alleges fraud by the Defendant, but it fails to allege that such fraud was "fraud while acting in a fiduciary capacity," as required by 11 U.S.C. § 523(a)(4).

C. Plaintiffs' Complaint does not plead or allege any claim that Defendant violated the Michigan Building Contract Fund Act, also known as the Michigan Builder's Trust Act, Mich.

Comp. Laws Ann. §§ 570.151- 570.153. In neither Count II nor any other Count in the Complaint, nor anywhere else in the Complaint, do the Plaintiffs allege such a claim. Nor does the Complaint allege any such a claim that is plausible, as required by the Supreme Court's decisions in *Iqbal* and *Twombly*.

D. Plaintiffs made an oral request, through their attorney during the January 22, 2020 hearing, for leave to amend their complaint to allege a claim under the Michigan Builder's Trust Fund Act, to allege a debt owed by Defendant to Plaintiffs that is nondischargeable under 11 U.S.C. § 523(a)(4) as a debt for "defalcation while acting in a fiduciary capacity." That oral request will be denied. Plaintiffs are guilty of undue delay in waiting until January 22, 2020 to request such leave to amend their Complaint. Plaintiffs have shown no valid justification for waiting so long to seek leave to amend. This adversary proceeding has been pending almost a year — since February 25, 2019. At this late date, the trial is scheduled for less than a month away, on February 25, 2020. And the Court's Scheduling Order in this adversary proceeding, filed June 3, 2019, set a deadline of July 31, 2019 to amend the pleadings; a deadline to complete all discovery by October 4, 2019, and a deadline of October 18, 2019 to file all potentially dispositive motions.[1] Furthermore, Plaintiffs' undue delay is significantly and unduly prejudicial to Defendant, because discovery has been closed since October 4, 2019, the deadline for filing potentially dispositive motions was October 18, 2019, and Defendant timely filed its Dismissal

---

[1] *See* Adversary Proceeding Scheduling Order (Docket # 21), incorporating such deadlines as stated in the Defendant's proposed Rule 26(f) Report (Docket # 16).

Motion at the deadline date. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).[2]

E. Count I of Plaintiffs' Complaint, which seeks a determination of nondischargeability for fraud under 11 U.S.C. § 523(a)(2)(A), does state a plausible claim for relief against Defendant upon which relief can be granted, so Defendant's request for dismissal and/or judgment on the pleadings with respect to Count I must be denied.

F. The Defendant's Dismissal Motion also seeks summary judgment on Count I of Plaintiffs' Complaint, under Fed. R. Civ. P. 56, which applies in this adversary proceeding under Fed. R. Bankr. P. 7056. But summary judgment must be denied.[3] With respect to Count I, the Defendant has failed to show that there is no genuine dispute as to any material fact and that the Defendant is entitled to judgment as a matter of law. Among other possible elements of § 523(a)(2)(A) fraud that Defendant must prove by a preponderance of the evidence, genuine

---

[2] A Final Pretrial Order was entered in this case on October 28, 2019 (Docket # 38). To the extent the Final Pretrial Order states anything indicating a possible claim by Plaintiffs under the Michigan Builder's Trust Fund Act, that is not sufficient to make such a claim part of this case, when such a claim was not pled by Plaintiffs in their Complaint or in any amended complaint, and Plaintiffs never sought leave to amend their Complaint to include such a claim until January 22, 2020. And this Court's Local Rule 7016-1, which concerns the preparation and filing of a joint final pretrial order in adversary proceedings, states that "[t]he pretrial order must not be a vehicle for adding claims or defenses." L.B.R. 7016-1(a)(3) (E.D. Mich.).

[3] In ruling on the matter of summary judgment in this case, the Court is applying the standards and principles applicable to summary judgment motions which the Court has discussed in, among prior published opinions, the Court's opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018). The Court incorporates that discussion into this Order by reference.

issues of material facts exist with respect to the intent element and the justifiable reliance element.[4]

G. All of the claims that are pled in Plaintiffs' Complaint in this adversary proceeding are, in their entirety, claims that arose before November 28, 2017, the date on which the Defendant filed his bankruptcy petition in his pending Chapter 7 bankruptcy case. In reaching this conclusion, the Court is applying the "fair contemplation" test, which was discussed and described by this Court at length in the case of *In re City of Detroit, Michigan*, 548 B.R. 748, 761-63 (Bankr. E.D. Mich. 2016).

H. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). With respect to every claim pled in Plaintiffs' Complaint, this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

I. Defendant's Sanctions Motion must be denied. As the Defendant correctly states, the Plaintiffs failed to serve any of the initial disclosures required by Fed. R. Civ. P. 26(a)(1), which applies in this adversary proceeding under Fed. R. Bankr. P. 7026. Those initial disclosures were due to be served no later than July 8, 2019, under the Court's Scheduling Order. But that failure by Plaintiffs was "harmless," within the meaning of Fed. R. Civ. P. 37(c)(1), which applies in this adversary proceeding under Fed. R. Bankr. P. 7037. This is especially so given the rulings

---

[4] The Court stated the elements of nondischargeability under § 523(a)(2)(A) in its opinion in the case of *Willens v. Bones* (*In re Bones*), 395 B.R. 407, 429-30, 431-33 (Bankr. E.D. Mich. 2008), *quoting Rembert v. AT&T Universal Card Services, Inc.* (*In re Rembert*), 141 F.3d 277, 280-281 (6th Cir. 1998). The Court incorporates by reference into this Order what it stated in the *Bones* opinion about those elements. The Court discussed the "justifiable reliance" element at length in the *Bones* case. *See Bones*, 395 B.R. at 431-33.

that the Court is making in the other parts of this Order. For these reasons, the Sanctions Motion should and must be denied.

Accordingly,

IT IS ORDERED that:

1. Defendant's Dismissal Motion is granted in part and denied in part, as stated in this Order, below.

2. Judgment on the pleadings is granted in favor of Defendant and against Plaintiffs with respect to Counts II and III of the Plaintiffs' Complaint (Docket # 1), and those Counts are dismissed, with prejudice.

3. Defendant's request for judgment on the pleadings/dismissal, and/or for summary judgement, on Count I of Plaintiffs' Complaint, is denied in its entirety.

4. Plaintiffs' oral request for leave to amend their Complaint, made during the January 22, 2020 hearing, is denied.

5. Defendant's Sanctions Motion is denied.

6. The hearing scheduled by the Court for February 6, 2020 at 3:30 p.m., which was to have been for the purpose of the Court issuing an oral bench opinion on the Defendant's motions, is canceled, as no longer necessary.

**Signed on January 31, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**